IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK


| | |
|---|---|
| United States of America | ) |
| Plaintiff | ) |
| v | ) # 17 - CR - 638 |
| | ) |
| Lisa Berhsan, Barry Schwartz, | ) |
| Joel Margulies | ) |
| Defendants | ) |

MOTION FOR DISCLOSURE OF DOCUMENTS (BY JOEL MARGULIES)

Joel Margulies moves this court pursuant to the Due Process Clause of the United States

of America and Fed. R. Crim. Proc. 12 (4) (B) to order that the Government disclose to the

Defendant all documents the Government intends to use in its case in chief against the

Defendant.

Hearing Date

June 6th , 2018 at 12:00 p.m.

Certification of Discovery Conference

In compliance with local rules Defense Counsel hereby attests that he has discussed the

issue presented in this motion with the Government's Attorney Robert Allen, and that after the

conference it was concluded that the Government was not willing to provide the relief requested

in this motion.

<u>Memorandum in Support of Motion</u>

Factual Background

The Defendants are charged in a three count indictment. Count 1 alleges securities and wire fraud, count 2 alleges securities fraud, count 3 alleges wire fraud. The gravamen of the indictment is that the Defendants created a snack food company named Starship Snacks and made false statements to investors about a deal in which the company would be purchased by Monster Beverage Corporation causing investors to pay money for stock in the company. No deal with Monster materialized and the business subsequently failed and the investors lost all investment capital. During the Government's investigation search warrants were issued to search residences, computers, luggage,  portable tablets and cell phones belonging to the Defendants.

Discovery from the Government was provided in digital format and includes 1) a complete copy of the Defendant's hard drive from his computer of which the Documents section contained approximately 33 gigabites of information, 2) three U.S.B. thumb drives with other documents collected by the Government, containing approximately 30 gigabites of information, 3) a DVD including various tax records of the Defendants, 4) and an initial disclosure of various digital files.  According to one computer expert consulted by Defense Counsel, simply based upon the number of gigabytes contained within the digital discovery the amount of  documents that would be generated from printing all documents would exceed 2 million pages.  Granted, there are video and audio recordings  and other types of files provided that take up much of the gigabyte space than a typical word processing document which would reduce the number of printed pages.  Yet given the amount of data provided Defense Counsel believes it is safe to conservatively assume that the discovery contains thousands of pages of documents to review.

Additionally there are documents that require some level of expertise in accounting to fully understand and digest such as tax documents - an expertise beyond what Defense Counsel possesses. An important issue in this trial will be where did the money from the alleged defrauded investors go? Was it invested in the business with intent to conduct business but lost because the venture was never able to get traction in the market place, or was it squandered on bad business practices, or was it misappropriated to personal use by one or more Defendants?

Argument

1) Disclosure is required by Rule 12.

Federal Rule of Crim. Proc. 12 (b) (4) (B) states:

*At the Defendant's Request. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)( c), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.*

Defense Counsel must make a determination of whether or not a viable motion to suppress exists. In order to do that he must know 1) which documents in the thousands of pages of discovery are documents that the Government intends to use against the Defendant, and 2) from what place were the documents seized by the Government. Only then can Defense Counsel make a determination as to each document about whether the Defendant even has standing to challenge the seizure of the document and for any documents seized pursuant to the search warrant whether the affidavit for search warrant established probable cause and whether the search and seizure of the document exceeded the scope of the warrant.

It is therefore necessary for the Defendant to have a separate self contained disclosure on a thumb drive, or DVD, or hard drive of all documents the Government intends to use as

evidence against Mr. Margulise.

2. Disclosure Required by Rule 16 and by Due Process.

Fed. Crim. R. Proc. 16 (a) (1) (E) States:

*Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (I) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial.*

The rule is clearly meant to prevent prosecution by ambush in order to allow the Defendant to adequately prepare his defense. The Defendant contends that when a "document dump" is conducted where there are thousands more of documents than what the Government intends to use at trial, and the Defendant is then left to sift thru the proverbial hay stack looking for the needles, such a document dump actually denies the defendant full discovery because he will usually miss at least a few if not many of those needles due to all of the unnecessary clutter.

Although the United States Supreme Court has ruled that *there is no general constitutional right to discovery, Weatherford v. Bursey,* 429 U.S. 545, 51 L.Ed.2d 30, 97 S.Ct. 837 (1977), the Defendant alleges that the right to discovery in a criminal case has been created by rule to protect the liberty interest of a criminal defendant. Therefore, procedural due process requires that discovery be complied with in a manner that actually fulfills the intent of the rule. The clear intent of the rule is to allow a defendant to know what documents the State actually intends to produce against him at trial.

> *Procedural due process under the Fourteenth Amendment of the United States Constitution is implicated where an individual is deprived of life, liberty, or property, without due process of law. U.S. Const. amend. XIV, § 1, cl. 3. The Supreme Court has adopted a two-step analysis to examine whether an individual's procedural due process rights have been violated. The first question 'asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient'.* Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (citations omitted).

*Meza v. Livingston,* 607 F.3d 392, 398 (5th. Cir., 2010)

The Supreme Court has also stated that *Due Process requires that a prosecutor comport with notions of fundamental fairness, California v. Trombolta,* 467 U.S. 479, 485 (1984). The Defendant alleges that the Government violates notions of fundamental fairness, and violates procedural due process, when it interferes with a person's liberty by attempting to convict and incarcerate that person without complying with the mandates of R. 16, by requiring the person to sift thru thousands of documents and to guess which of those documents will actually be used against him at trial thereby inhibiting his ability to prepare for trial.

The document dump is especially troubling in a case with technical documents such as business accounting records and tax returns and financial data. If the Government does not intend on using such documents against the Defendant then there is little reason for the Defendant to hire an expert such as a forensic accountant to interpret the data. However, if the Government does intend to use such documents, in order for the Defendant to adequately prepare for trial he should retain an expert. Further problems are caused by the document dump when there are multiple defendants. Attempting to sift through mountains of documents to determine which ones apply to and might be used against the defendant as opposed to his co-defendants

adds a further unconstitutional burden upon the defendant by denying procedural due process.

3. A District Court has inherent authority in managing its own docket to issue specific discovery orders. See, *U.S. v. Grace*, 526 F.3d 499, 509-513 (9th Cir., 2008) where the Court discussed the approved procedure in at least several circuits of requiring the Government to disclose its witness list prior to trial although Rule 16 contains no such requirement.

In this case the Defendant is not requesting disclosure of witnesses - at least not at this time - but he is requesting disclosure of documents. Without knowing which of the thousands of documents that the Government intends to use against the Defendant the Defendant cannot adequately prepare or anticipate pretrial and trial motions and objections. Therefore, as each document is presented Defense Counsel will need to assess the relevance of the document and any other possible objections in real time and place objections as the trial proceeds. Such a process will insure a long trial with many objections and interruptions of the trial with many jury out proceedings. By requiring the Government to disclose which documents it actually intends to use against the Defendant prior to trial this Court will insure a much more orderly and efficient trial by allowing Defense Counsel to prepare pre-trial objections to documents that will be objected to and to also be able to stipulate to documents and the authentication of documents to which there is no objection.

Conclusion

Based upon the forgoing the Defendant requests that the Government be required to produce a separate discovery disclosure that contains all documents that it intends to produce against the Defendant during trial.

Respectfully Submitted


*S/ Brent Horst*

Brent Horst, Attorney,
(Tenn. B.P.R. # 016539, FL Bar # 0726842)
315 Deaderick St, Ste. 1550
Nashville, Tenn. 37238
Ph. (615) 259 - 9867, Fx. (615) 628-0446
Cell (615) 403 - 2971, Email: Brent@HorstLaw.com


CERTIFICATION


I hereby certify that on the 3 April  2018    I electronically filed the foregoing with the U.S.
District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing
to the United States Attorney and to all listed Attorneys of record for all Co-Defendants.


*S/ Brent Horst*

Brent Horst, Attorney,
(Tenn. B.P.R. # 016539, FL Bar # 0726842)
315 Deaderick St, Ste. 1550
Nashville, Tenn. 37238
Ph. (615) 259 - 9867, Fx. (615) 628-0446
Cell (615) 403 - 2971, Email: Brent@HorstLaw.com