IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| United States of America | ) | |
| Plaintiff | ) | |
| v | ) | # 17 - CR - 638 |
| | ) | |
| Joel Margulies | ) | |
| Defendants | ) | |

MARGULIES' MOTION IN LIMINE
PERMISSION TO PRESENT EVIDENCE OF CO-DEFENDANT SENTENCING EXPOSURE

Pursuant to the Due Process Clause of the Constitution of the United States of America specifically the right to a fair trial and right to prepare and present a defense, and pursuant to the Confrontation Clause of the Constitution of the United States of America, the Defendant moves this Court to be allowed to cross examine the co-defendants in this case and if necessary to call an expert witness regarding the co-defendant's sentencing exposure.

The grounds for this motion are:

1. Background.

The Defendant was initially charged in a three count indictment. Count 1 alleged conspiracy to commit securities and wire fraud, count 2 alleged securities fraud, count 3 alleged wire fraud. The gravamen of the original indictment was that two co-defendants Bershan and Schwartz created a snack food company named Starship Snacks, employed Margulies, and that all three made false statements to investors about a deal in which the company would be purchased by Monster Beverage Corporation causing investors to pay money for stock in the company.  No deal with Monster materialized and the business subsequently failed and the

investors lost all investment capital.

Bershan and Schwartz have pled guilty to one count of the original indictment. Despite the fact that Bershan and Schwartz were the "masterminds" personally absconding with and spending roughly two million dollars of investors money while Margulies had a net loss from money he himself invested with the co-defendants, and any alleged involvement by Margulies was at the instruction and request of Bershan and Schwartz,  it is presumed that Bershan and Schwartz will "cooperate down" and will testify against Margulies in an effort to earn a substantial assistance sentencing guideline reduction.

After Margulies' arrest and arraignment on the original indictment the Government informed Margulies that if he would not change his plea that the Government would consider superseding the indictment to add charges of providing cocaine to Bershan on a number of occasions, providing an unregistered / licensed firearm to Bershan, and engaging in another alleged fraudulent scheme with the co-defendants that arose out of a business venture known as All American Pet which occurred prior to the Starship scheme which generated the initial indictment. The gravamen of the alleged All American Pet alleged fraud - at least as far as Margulies has thus far been advised by the Government - is that Bershan and Schwartz requested that Margulies produce altered or fake documents or generate documents that contained false information about the financial assets of Bershan and Schwartz that allowed them to generate investments from individuals. The superseding indictment has not been filed yet but it is expected at anytime.

2. Cross Examination.

Margulies intends to conduct cross examination on Bershan and Schwartz regarding their

sentencing exposure including guideline range and that they hope to receive a downward departure motion by the Government after testifying. Denying a defendant the right to cross exam a testifying co-defendant about a deal struck with the government regarding sentencing of the co-defendant is error. *U.S. v. Caldwell*, 88 F.3d 522, 524-525 (8th Cir., 1996).

3) Should either witness attempt to deny knowledge of their guideline score, or the process of a downward departure recommendation and what that means for them Margulies intends to call an expert witness, an attorney well versed and experienced in the practice of federal criminal law to testify to the following:

a) Explain federal statutory and guideline sentencing.

b) The likely guideline score of the Co-Defendants.

c) Explain that any competent criminal lawyer practicing in federal court would fully advise his client of his guideline score and that testifying against a co-defendant could gain the witness a reduced sentence or even probation after a downward departure motion by the government.

d) That to receive the downward departure motion the testimony must be consistent with what the Government believes the truth to be.

Conclusion

Based upon the forgoing Margulies requests permission to cross examine the Co-Defendants regarding their sentencing expectations in return for testifying and if necessary to call an expert witness regarding federal sentencing practices as described above.

3

Respectfully Submitted:


*S/ Brent Horst*
Brent Horst, Attorney,
(Tenn. B.P.R. # 016539, FL Bar # 0726842)
315 Deaderick St, Ste. 1550
Nashville, Tenn. 37238
Ph. (615) 259 - 9867, Fx. (615) 628-0446
Cell (615) 403 - 2971, Email: Brent@HorstLaw.com


CERTIFICATION


I hereby certify that on the 2 Dec 2018   I electronically filed the foregoing with the U.S.
District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing
to the United States Attorney.


*S/ Brent Horst*
Brent Horst, Attorney,
(Tenn. B.P.R. # 016539, FL Bar # 0726842)
315 Deaderick St, Ste. 1550
Nashville, Tenn. 37238
Ph. (615) 259 - 9867, Fx. (615) 628-0446
Cell (615) 403 - 2971, Email: Brent@HorstLaw.com