UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                       :

UNITED STATES OF AMERICA,                :

                                             :

          -v-                         :             17-CR-638 (JMF)

                                             :

JOEL MARGULIES,                   :               ORDER

                                             :

                     Defendants.         :

                                           :
-------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      At the conference held yesterday, the Court ruled on all of the outstanding motions in this

case, but reserved judgment on Defendant's motion to sever the drug charge in Count 7 from the

other counts in the Superseding Indictment.  Upon reflection, that motion is GRANTED.

Whether or not joinder of the offense is proper under Federal Rule of Criminal Procedure 8(a),

the prejudicial nature of the charge makes severance appropriate under Rule 14(a).  *See* Fed. R.

Crim. P. 14(a) (providing that when joinder of offenses "appears to prejudice a defendant . . . ,

the court may order separate trials of counts . . . ,  or provide any other relief that justice

requires").  To determine joinder appears to prejudice a defendant, the Court "inquire[s] whether

evidence tending to prove the charge [sought to be severed] would nevertheless have been

admissible" at trial.  *United States v. Litwok*, 678 F.3d 208, 217 (2d Cir. 2012).  In the Court's

view, evidence of the shipments of cocaine would likely not be admissible at a trial of the fraud

charges because it is substantially more prejudicial than it is probative.  *See* Fed. R. Evid. 403.

The Government argues that the drug evidence tends to show "the nature of the relationship

between the Defendant and Bershan," and that that relationship establishes that Margulies had

knowledge of the frauds.  *See* Docket No. 117, at 23.  But in light of the other evidence likely to

be presented about Bershan and Margulies' relationship and Margulies's knowledge of the alleged fraud, it is hard "to understand how . . . the [drug evidence] w[ould be] necessary to prove [the Defendant's] intent and knowledge" or to find that the evidence "passe[s] muster under Rule 403." *See United States v. McCallum*, 584 F.3d 471, 477 (2d Cir. 2009). Accordingly, the severance motion is GRANTED to the extent that it seeks severance of Count 7 from the other counts in the Superseding Indictment.

As set forth on the record on April 4, 2019, and in light of this severance, the trial for Counts 1-6 and Count 8 shall begin on **July 16, 2019**. The parties shall appear for a final pretrial conference on **July 15, 2019,** at **2:00 p.m.**

SO ORDERED.

Dated: April 5, 2019
New York, New York

JESSE M. FURMAN
United States District Judge

2