USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

JOEL MARGULIES,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY
ORDER OF FORFEITURE/
MONEY JUDGMENT

S2 17 Cr. 638 (JSR)

WHEREAS, on or about December 19, 2018, JOEL MARGULIES (the "Defendant"), was charged in an eight-count Superseding Indictment S2 17 Cr. 638 (JSR) (the "Indictment") with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1343 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A and 2 (Count Three); conspiracy to commit securities fraud and wire fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff (Count Four); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff (Count Five); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Six); conspiracy to distribute and possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 846 (Count Seven); illegally transferring a firearm to an out-of-state resident, in violation of Title 18, United States Code, Sections 922(a)(5), 924(a)(1)(D) and 2 (Count Eight);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One, Two, Four, Five, and Six, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the

offenses charged in Counts One, Two, Four, Five, and Six of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Counts One, Two, Four, Five, and Six of the Indictment;

WHEREAS, on or about August 14, 2019, the Defendant was convicted, after a jury trial, on Counts One through Six and Eight of the Indictment;

WHEREAS, on or about August 15, 2019, the Defendant entered a plea of guilty to Count Seven of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $108,983.00 in United States currency, of which $18,545.00 in United States currency represents the proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the defendant personally obtained, for which the defendant is jointly and severally liable with co-defendant Lisa Bershan to the extent a forfeiture money judgment is entered against Bershan in this case, and the remaining $90,438.00 in United States currency represents the proceeds traceable to the offenses charged in Counts Four, Five, and Six of the Indictment that the defendant personally obtained, for which the defendant is jointly and severally liable with co-defendants Lisa Bershan and Barry Schwartz, to the extent forfeiture money judgements are entered against Bershan and/or Schwartz in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, Four, Five, and Six of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney Christine Magdo of counsel, and the Defendant, and his counsel, Brent Horst, Esq., that:

1. As a result of the offenses charged in Counts One, Two, Four, Five, and Six of the Indictment, of which the Defendant was found guilty, a money judgment in the amount of $108,983.00 in United States currency (the "Money Judgment"), representing the proceeds traceable to the offenses charged in Counts One, Two, Four, Five, and Six of the Indictment that the defendant personally obtained, shall be entered against the Defendant, for which the Defendant shall be jointly and severally liable with co-defendant Lisa Bershan up the amount of $18,545.00 in United States currency, to the extent a forfeiture money judgment is entered against Bershan in this case, and shall further be jointly and severally liable with Lisa Bershan and Barry Schwartz up to the amount of $90,438 in United States currency, to the extent a forfeiture money judgement are entered against Bershan and/or Schwartz in this case.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, JOEL MARGULIES, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the "United States Marshals Service" and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Asset Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. This Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____        12/16/19
    Christine I. Magdo                      DATE
    Negar Tekeei
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2297 / 2482

JOEL MARGULIES

By: _____        16 Dec. 19
    JOEL MARGULIES                          DATE

By: _____        16 Dec 19
    Brent Horst, Esq.                       DATE
    Attorney for Defendant

SO ORDERED:

_____            12/16/19
HONORABLE JED S. RAKOFF                    DATE
UNITED STATES DISTRICT JUDGE